FILED
JANUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROBERT CASHEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| **INTEGRATED PORTFOLIO** | ) |
| **MANAGEMENT, INC. f/k/a FIRST** | ) |
| **CREDIT SERVICES INCORPORATED** | ) Jury Demanded |
| **d/b/a STANLEY WEINBERG &** | ) |
| **ASSOCIATES, an Illinois corporation,** | ) |
| **EARL SHIELDS, and LILIANA SHIELDS,** | ) |
| | ) |
| Defendants. | ) |

**08 C 268**

**JUDGE DOW**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT

Plaintiff Robert Cashen ("Plaintiff") brings this action against Defendants Integrated Portfolio Management, Inc. ("IPM"), Earl Shields, and Liliana Shields, and states as follows:

### NATURE OF THIS ACTION

1.  This is an action to recover sums due and owing to Plaintiff of $575,000 plus interest, penalties, attorneys' fees, and costs for amounts that Defendants IPM and Earl Shields (the "Borrowers") borrowed from Plaintiff in February 2007 pursuant to terms set forth in a Promissory Note (the "Note"). A copy of the Note is attached hereto as Exhibit 1. The Borrowers secured the Note with IPM assets and have failed to repay Plaintiff according to the terms of the Note. Plaintiff loaned these monies to the Borrowers for the benefit of IPM, Earl Shields, and Liliana Shields. As the controlling officer of IPM, and on behalf of IPM, Defendant Liliana Shields willfully and unjustifiably induced Defendant IPM to breach and/or to continue breaching its obligations to repay the Plaintiff in accordance with the terms of the Note. As

such, Plaintiff has filed this action for breaches of the Note and for a constructive trust against the Defendants.

## JURISDICTION AND VENUE

2. Diversity jurisdiction exists over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the Plaintiff, on the one hand, and all Defendants, on the other hand. The matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

3. Plaintiff Robert Cashen is a resident and citizen of Florida and currently lives in Jupiter, Florida.

4. Defendant Earl Shields is a resident and citizen of Illinois. Shields and Plaintiff Cashen are stepbrothers.

5. Defendant Liliana Shields is a resident and citizen of Illinois. Defendants Earl Shields and Liliana Shields are married, although on information and belief they are in the process of divorcing.

6. Defendant IPM is an Illinois corporation with its principal place of business in Lombard, Illinois. IPM was formerly known as First Credit Services Incorporated. IPM does business in this District. First Credit Services Incorporated also does, or has at relevant times done, business as Stanley Weinberg & Associates.

7. Venue is appropriate in the District pursuant to 28 U.S.C. § 1391. The Defendants do business in this District and some of the acts complained of occurred in this District.

## FACTUAL BACKGROUND

8. Defendants Earl Shields and Liliana Shields are joint owners of IPM.

9.      On or about February 1, 2007, Defendants First Credit Services and Earl Shields agreed to the terms of the Note in favor of the Plaintiff. Pursuant to the terms of the Note, the Plaintiff lent five hundred seventy-five thousand dollars ($575,000.00) to First Credit Services, in exchange for repayment of all principal and installment payments by October 1, 2007 in an amount totaling $614,069.92.

10.     Earl Shields, based on his familial relationship with the Plaintiff, requested the loan for IPM's use. At all relevant times, each of the Defendants was aware of the loan. Each of the Defendants benefited and continues to benefit from the loan.

11.     The Note was secured by all property of IPM. The Plaintiff filed a UCC Financing Statement regarding this loan on or about October 5, 2007. (A copy of the financing statement is attached hereto as Exhibit 2.) The Financing Statement lists the debtor as First Credit Services Incorporated, which is the former name of IPM and a name under which IPM does or did business.

12.     The Plaintiff complied with the terms of, and performed his obligations under, the Note, including providing $575,000.00 to First Credit Services, which it deposited. (A copy of the check deposited by First Credit Services d/b/a Stanley Weinberg & Assoc. is attached hereto as Exhibit 3.)

13.     Under the terms of the Note, the Borrowers agreed that $614,069.92 would be due to Plaintiff no later than October 1, 2007. Further, if any payments were overdue by more than ten (10) days, the Borrowers agreed to pay a late fee equal to five percent (5%) of the overdue payment. Finally, the Borrowers agreed to pay all collection costs, including but not limited to interest, attorneys' fees, and court costs, in the event of any default.

14. Defendant Liliana Shields was and is IPM's Chief Executive Officer, Treasurer and Secretary.

15. Prior to and until September 25, 2007, Earl Shields was the President and Chief Operating Officer of IPM. Earl Shields is currently not in those positions, having been terminated by Liliana Shields on or about that date. Liliana Shields has taken over IPM.

16. The actions of Liliana Shields and Earl Shields have also left IPM particularly vulnerable to waste and mismanagement, affecting both the Plaintiff's secured interests as well as his ultimate ability to recover.

17. Plaintiff has not received the principal payment of $575,000 on October 1, 2007, or at any time prior to the filing of this complaint. Without limitation, Plaintiff has also not received certain installment payments, nor the five percent late charge for the amount owed, as required. As such, the Borrowers owe the Plaintiff in excess of $616,948. This number does not include attorneys' fees, costs, and additional interest, all of which the Plaintiff is also entitled to recover.

## COUNT I
### (Breach of Contract – Against IPM and Earl Shields)

18. Plaintiff Robert Cashen restates the allegations in Paragraphs 1 through 17 as though fully set forth herein.

19. As set forth above, the Plaintiff and the Borrowers entered into an agreement that is valid and binding on Defendants.

20. As set forth above, the Plaintiff performed all of his obligations under the agreement.

21. The Borrowers breached the agreement by failing to repay the Plaintiff according to the terms of the Note.

22.　　As a result of the Borrowers' breach, the Plaintiff has been damaged by at least $616,948 plus interest, attorneys' fees, and costs.

23.　　In addition, the Plaintiff is entitled to statutory prejudgment interest pursuant to 815 ILCS 205/2.

### **Prayer for Relief**

WHEREFORE, Plaintiff Robert Cashen prays for judgment entered in his favor and against Defendants IPM and Earl Shields including:

a. an award of $616,948 plus contractual interest, prejudgment interest, attorneys' fees, and costs; and

b. any other relief that this Court may deem just and equitable.

### COUNT II
### (Tortious Interference with Contract – Against Liliana Shields)

24.　　Plaintiff Robert Cashen restates the allegations in Paragraphs 1 through 23 as though fully set forth herein.

25.　　As set forth above, the Plaintiff and the Borrowers entered into a valid and binding agreement.

26.　　Defendant Liliana Shields has at all relevant times had knowledge of the Borrowers' obligation to repay the Plaintiff in accordance with the terms of the Note.

27.　　On information and belief, Defendant Liliana Shields engaged in conduct that willfully and unjustifiably induced Defendant IPM to breach and/or to continue breaching its obligations to repay the Plaintiff in accordance with the terms of the Note.

28. On information and belief, Defendant Liliana Shields acted and/or continues to act in a malicious and/or intentional manner in order that IPM may avoid its obligations under the Note and/or in wanton disregard of the Plaintiff's right to be paid.

29. As a result of and subsequent to Defendant Liliana Shields's conduct, Defendant IPM breached and/or continues to breach its obligations to repay the Plaintiff in accordance with the terms of the Note.

30. As a result, the Plaintiff has been damaged by at least $616,948 plus interest, attorneys' fees, and costs.

31. In addition, the Plaintiff is entitled to statutory prejudgment interest pursuant to 815 ILCS 205/2.

**Prayer for Relief**

WHEREFORE, Plaintiff Robert Cashen prays for judgment entered in his favor and against Defendant Liliana Shields including:

a. an award of $616,948 plus contractual interest, prejudgment interest, attorneys' fees, and costs;

b. punitive damages; and

c. any other relief that this Court may deem just and equitable.

**Count III**
**(Constructive Trust Against Liliana Shields and Earl Shields)**

32. Plaintiff Robert Cashen restates the allegations in Paragraphs 1 through 31 as though fully set forth herein.

33. Earl Shields, as the Plaintiff's stepbrother, asked that the Plaintiff lend $575,000 to, *inter alia*, IPM. The Plaintiff reposed his trust and confidence in his stepbrother and agreed to provide the loan to IPM, owned by his stepbrother and sister-in-law.

34. For all relevant times, Earl Shields and Liliana Shields were married and/or shared business interests, including during the time that these monies were lent to IPM and/or owing to the Plaintiff.

35. Defendant Liliana Shields had either actual or constructive knowledge of the loan, and benefited directly and/or indirectly from the monies that were obtained from the Plaintiff.

36. Each and any of the Defendants would be unjustly enriched if they were to retain any of the assets or profits obtained directly or indirectly from the funds provided by the Plaintiff.

37. Equity and good conscience dictate that any sums received from the Plaintiff and any assets which are held by IPM, Earl Shields, and/or Liliana Shields which are tainted by acts associated with the breach of repose and confidence in obtaining the $575,000 be held by Earl Shields and Liliana Shields as constructive trustees for the Plaintiff.

### Prayer for Relief

WHEREFORE, Plaintiff Robert Cashen prays for the following:

a. Judgment entered in Plaintiff Robert Cashen's favor and against the Defendants on all counts;

b. That Liliana Shields be declared the constructive trustee for all assets which she currently holds which have been obtained, improved or purchased, by funds received from Robert Cashen;

   c. That Earl Shields be declared the constructive trustee for all assets which he currently holds which have been obtained, improved or purchased by funds received from Robert Cashen;

   d. Such injunctive relief as is necessary to protect Plaintiff's interests and preserve any assets which may be the subject of any judgment or other relief granted by this Court;

   e. An award for Plaintiff Robert Cashen for all reasonable attorneys' fees, contractual interest, prejudgment interest, and costs; and

   f. Any other relief that this Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a jury for all claims and issues properly tried before a jury.

Respectfully submitted,

ROBERT CASHEN

By:  /s/ Michael Rachlis
     One of his attorneys

Michael Rachlis
Kevin B. Duff
Darnella J. Ward
Rachlis Durham Duff & Adler, LLC
542 S. Dearborn Street, Suite 900
Chicago, Illinois 60605
(312) 733-3950
(312) 733-3952 (fax)