IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT CASHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   08 C 268 |
| ) | |
| ) | Honorable Judge Robert M. Dow Jr. |
| INTEGRATED PORTFOLIO ) | Magistrate Judge Nan R. Nolan |
| MANAGEMENT, INC. f/k/a FIRST ) | |
| CREDIT SERVICES INCORPORATED ) | Jury Demanded |
| d/b/a STANLEY WEINBERG & ) | |
| ASSOCIATES, an Illinois corporation, ) | |
| EARL SHIELDS, and LILIANA SHIELDS, ) | |
| ) | |
| Defendants. ) | |

### INITIAL JOINT STATUS REPORT

Plaintiff Robert Cashen ("Plaintiff") and Defendants Integrated Portfolio Management, Inc. f/k/a First Credit Services Incorporated d/b/a Stanley Weinberg & Associates, an Illinois Corporation ("IPM") and Liliana Shields by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(f) submit the following Initial Joint Status report:

    *A.*    *Identity of the attorneys of record for each party, including lead trial attorney:*

    Plaintiff:

| Name of Attorney | Designation |
|---|---|
| Michael Rachlis | Lead Trial Attorney |
| Kevin B. Duff | Lead Trial Attorney |
| Darnella J. Ward | Attorney |

    Defendants:  IPM and Liliana Shields

| Name of Attorney | Designation |
|---|---|
| Frederick E. Roth | Lead Trial Attorney |

    *B.*    *Basis for federal jurisdiction:*

The basis for federal justiciability is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

C.  *Nature of the claims asserted in the complaint and any counterclaims:*

The claims asserted in the Complaint are as follows:

- Count I - Breach of Contract as to Defendants IPM and Earl Shields,

- Count II - Tortious Interference with Contract as to Defendant Liliana Shields; and,

- Count III – Constructive Trust as to Defendants Earl Shields and Liliana Shields.

    There are no counterclaims at this time and no answer has been filed by any Defendant.

D.  *The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such part:*

All parties have been properly served, Defendants IPM and Liliana Shields appeared on March 10, 2008. Defendant Earl Shields has failed to appear, answer or otherwise plead.

E.  *Principal legal issues in the case:*

Defendants IPM and Earl Shields allegedly breached the terms of the Note. Further, as the controlling officer of IPM, and on behalf of IPM, Defendant Liliana Shields allegedly, willfully and unjustifiably induced Defendant IPM to breach and/or to continue breaching its obligations to repay the Plaintiff in accordance with the terms of the Note. As such, Plaintiff has filed this action for breaches of the Note and for a constructive trust against the Defendants and for damages. Indeed, Plaintiff Robert Cashen seeks the following relief:

1. Judgment entered in Plaintiff Robert Cashen's favor and against the Defendants on all counts;

2. an award of $615,652.76, which includes the principal in the amount of $575,000.00, the unpaid accrued installment interest payments in the amount of

$9,569.92, and the 5% late fees in the amount of $31,082.84; plus contractual default interest pursuant to Paragraph 9 and Florida Statutes Annotated Section 687 et seq., not to exceed 25%; post judgment interest in an amount determined pursuant to Florida Statutes Annotated Section 55.03; attorneys' fees; and costs;

3. That Liliana Shields be declared the constructive trustee for all sums or other assets which she currently holds which have been obtained, improved or purchased, with funds received from Robert Cashen ;

4. That Earl Shields be declared the constructive trustee for all assets which he currently holds which have been obtained, improved or purchased by funds received from Robert Cashen;

5. Such injunctive relief as is necessary to protect Plaintiff's interests and preserve any assets which may be the subject of any judgment or other relief granted by this Court;

6. An award for Plaintiff Robert Cashen for all reasonable attorneys' fees, contractual interest, prejudgment interest, and costs;

7. punitive damages; and,

8. any other relief that this Court may deem just and equitable.

Defendants IPM and Liliana Shields seek leave to file a Motion To Dismiss pursuant to Rule 12(b)(6) based upon:

1. The Note was unsigned and therefore no liability under Section 3-401(a) of the Uniform Commercial Code (810 ILCS 5/3-104);

2. The UCC-1 (Financing Statement) is invalid in that same was not authorized by IPM;

3

3. Liliana Shields, as CEO of IPM, has immunity under Illinois law regarding claims of tortious interference; and

4. There is no legal basis for imposition of a constructive trust as to Liliana Shields, a shareholder of IPM.

F.   *Principal factual issues in the case:*

This is an action to recover sums due and owing to Plaintiff of $575,000 plus interest, penalties, attorneys' fees, and costs for amounts that Defendants IPM and Earl Shields allegedly borrowed Plaintiff in February 2007 pursuant to terms set forth in a Promissory Note (the "Note") which is attached to the Complaint as Exhibit 1. Under the terms of the Note, the Defendants IPM and Earl Shields were to have repaid the loan and all applicable interest by October 1, 2007. However, Plaintiff alleges that the Defendants have failed to repay Plaintiff any of the principal or interest. Further, under the terms of the Note, Paragraphs 7 and 9, Plaintiff alleges entitlement to attorney fees; costs; and contractual and post judgment interest.

IPM and Liliana Shields dispute there being any loan between IPM and Robert Cashen pursuant to the unsigned Note or otherwise.

G.   *Whether a jury trial is requested*

Plaintiff has requested a trial by jury.

H.   *Description of any discovery that has been taken and the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff.   Proposal for discovery plan:*

1.   *Type of discovery needed*

Plaintiff and Defendants IPM and Liliana Shields anticipate that the written and oral discovery necessary for this suit can be accomplished within the limitations set forth by the Federal Rules of Civil Procedure.

2.   *Date for Rule 26(a)(1) disclosures*

4

To the extent necessary, Plaintiff and Defendants IPM and Liliana Shields propose that Rule 26 (a)(1) disclosures be mutually exchanged and the date of the exchange determined by Plaintiff and Defendants after the Court rules on any motion to dismiss and/or for default and/or the Defendants' answer the Complaint.

       3.    *Completion of Fact Discovery*

Plaintiff and Defendants IPM and Liliana Shields anticipate that fact discovery in this matter will be completed on or before September 30, 2008.

       4.    *Expert discovery completion date (date of delivery of expert reports included)*

To the extent expert discovery is necessary, Plaintiff and Defendants IPM and Liliana Shields propose that expert discovery be completed in this matter in conjunction with the completion of the fact discovery, namely on or before September 30, 2008. In this context, Plaintiff and Defendants IPM and Liliana Shields propose that Plaintiff's expert disclosures be made on or before August 15, 2008; that Defendants' expert disclosures be made on or before September 15, 2008; Plaintiff's rebuttal expert disclosures be made on or before October 15, 2008; and that expert discovery be completed by October 31, 2008.

       5.    *Cut off date for the filing of any dispositive motions*

Plaintiff and Defendants IPM and Liliana Shields propose December 1, 2008.

       6.    *File date for pretrial order*

Plaintiff and Defendants IPM and Liliana Shields propose that the pretrial order be submitted 30 days before the trial date.

I.    Trial

       1.    *The probable length of trial*

Plaintiff and Defendants IPM and Liliana Shields anticipate that the trial of this matter would last three to five days.

       2.    *When case will be ready for trial*

Plaintiff and Defendants IPM and Liliana Shields anticipate that this case should be ready for trial by February 2009.

J.    *Consent to Proceed Before a Magistrate Judge*

The parties do not consent to proceed before the magistrate judge.

K.  *Status of Settlement Discussions*

No settlement discussions have occurred between the parties.

L.  *Request of Settlement Conference*

The parties will contact the Court if a settlement conference with the Court would be beneficial.

Dated March 11, 2008

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| ROBERT CASHEN | IPM and Liliana Shields |
| By:  /s/ Michael Rachlis<br>One of his attorneys | By: /s/ Frederick E. Roth |
| Michael Rachlis (ARDC # 06203745)<br>Kevin B. Duff (ARDC # 06210491)<br>Darnella J. Ward (ARDC # 6279493)<br>Rachlis Durham Duff & Adler, LLC<br>542 S. Dearborn Street, Suite 900<br>Chicago, Illinois 60605<br>(312) 733-3950<br>(312) 733-3952 (fax) | Roth Law Firm<br>47 E. Chicago Avenue, Suite 360<br>Naperville, IL 60540<br>(630) 778-1100<br>(630) 778-1121 (fax) |

6