# EXHIBIT 1

## PROMISSORY NOTE

$575,000.00

Jupiter, Florida
February 1, 2007

    FOR VALUED RECEIVED, FIRST CREDIT SERVICES INCORPORATED, an Illinois corporation, and Earl Shields, an individual, (collectively, the "MAKER"), promises to pay to the order of Robert Cashen, an individual (the "PAYEE"), or to such other party or parties as the holder of this Note may from time to time designate, the principal sum of FIVE HUNDRED SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($575,000.00), together with interest on the unpaid principal balance being paid at the rate of ten percent (10%) per annum, with accrued interest being payable in lawful money of the United States in eight (8) consecutive monthly installments of FOUR THOUSAND, EIGHT HUNDRED, EIGHTY-THREE and 74/100 DOLLARS ($4,883.74) on the first day of each month, commencing on March 1, 2007. The entire accrued and unpaid balance of principal and interest in the amount of $614,069.92 shall be due and payable in full on the earlier of October 1, 2007 or upon demand. There shall be a ten day grace period in connection with the due date of each such installment payment. In the event any payment of principal or interest is not paid within ten (10) days after it is due, then the Maker shall pay a late charge in an amount equal to five percent (5%) of the overdue payment.

### Additional Provisions

    1.    <u>Consideration</u>. This Promissory Note, being duly authorized and approved by all necessary corporate action of MAKER, evidences the receipt of money's worth by MAKER as the original principal amount of this Promissory Note which represents a business loan for operations of the business located at 800 Springer Drive, Lombard, IL 60148, and including a subordinated Security Agreement and UCC-1 Financing Statements of even date herewith given by MAKER to PAYEE, encumbering the above business, property and assets of MAKER as described therein. Earl Shields joined individually in the execution of this Promissory Note as inducement to the Payee to make the loan evidenced herein and but for the joinder of Earl Shields, PAYEE would not make the loan.

    2.    <u>Pre-Payment</u>. This Promissory Note may be prepaid, in full or in part at any time without premium or penalty.

    3.    <u>Usury</u>. In no event shall MAKER pay or PAYEE accept or charge any interest which, together with any other charges upon the principal or any portion thereof, howsoever computed, shall exceed the maximum lawful rate of interest allowable under the laws of the State of Florida from time to time. Should any provision of this Promissory Note or any other agreements between MAKER and PAYEE be construed to require the payment of interest which, together with any other charges upon the principal or any portion thereof, shall exceed the maximum lawful rate of interest, then any such excess shall be applied against the remaining principal balance or returned to MAKER at the option of PAYEE.

    4.    <u>Place of Payment</u>. Both principal and interest are payable to PAYEE or its designee at 1701 SE Cypress Park Lane, Jupiter, Florida 33478, or at such other place as the holder hereof may, from time to time, designate in writing.

    5.    <u>Default; Remedies</u>. In the event of a default by MAKER in any payment of principal or interest when and as the same shall become due and payable, or in the event of a default by MAKER of any other term or condition hereunder, or under the Security Agreement,



EXHIBIT 1

which such default continues uncured for thirty (30) days from the date of default, PAYEE may, at its option, accelerate maturity and the unpaid principal balance hereof and all accrued interest shall thereupon become immediately due and payable without additional demand or notice. Failure to exercise this option with respect to any failure or breach by MAKER shall not constitute a waiver of the right as to any subsequent failure or breach.

6. <u>Waivers; Notice</u>.  MAKER, and all other parties liable for the payment of any sum or sums due or to become due under the terms of this Promissory Note, waive presentment, protest and demand and notice of protest, demand and dishonor, and non-payment of this Promissory Note, without notice, to deal in any way at any time with any party hereto, or to grant any extension or extensions of time for payment of any of said indebtedness or any other indulgences or forbearances whatsoever, or may release any of the security for this Promissory Note without in any way affecting the liability of any other party for the payment of this Promissory Note.

7. <u>Costs and Expenses</u>.  MAKER agrees to pay (a) all costs of collection, including necessary and reasonable attorneys' fees and all court costs and related expenses (inclusive of any appellate and post judgment proceedings) in case the principal of this Promissory Note or any interest thereon is not paid on the respective installment due date or at maturity thereof, as applicable, whether suit be brought or not, and (b) the cost of all applicable intangible taxes and documentary stamp taxes which shall be promptly affixed to this Promissory Note or other applicable instrument.

8. <u>Security</u>.  This Promissory Note is secured by the Security Agreement and UCC-1 Financing Statements. A default by MAKER under the Security Agreement, shall also constitute a default under this Promissory Note, and vice versa, in which event PAYEE may declare all indebtedness of principal and interest hereunder forthwith to be immediately due and payable without notice or demand, and may take such actions as PAYEE deems appropriate under this Promissory Note, the Financing Statements, or the Security Agreement with such actions being taken on a cumulative non-exclusive basis; and any failure to exercise any particular option or action at any time with respect to this Promissory Note or such documents shall not constitute a waiver of the right as to any subsequent actions hereunder or thereunder.

9. <u>Default Interest Rate</u>.  If the principal and interest due herein is not timely paid when due and/or from and after the maturity of this Promissory Note or as a result of a declaration of maturity made by the holder hereof, the entire principal remaining unpaid hereunder, shall bear interest at the highest interest rate then permitted under the laws of the State of Florida (the "Default Interest Rate") with the Default Interest Rate being applied from the date of such default.

10. <u>Amendments and Modifications</u>.  This Promissory Note may not be amended or modified, nor shall any revision hereof be effected, except by an instrument in writing expressing such intention executed by PAYEE and directed to the MAKER.

11. <u>Due on Sale or Transfer</u>.  In the event the assets purchased by MAKER from PAYEE including the business as a going concern are sold, transferred or assigned by MAKER during the term of this Note, then the entire amount of principal and interest then owing, at the option of the PAYEE, shall be immediately due and payable.

12. <u>Choice of Law and Venue</u>.  This Promissory Note shall be governed as to

validity, interpretation, construction, effect and all other aspects of the laws of the State of Florida without regard to any conflict of law principles. Venue for any litigation hereunder shall be the courts in Martin County, Florida.

   13. **Severability**. Any provision of this Promissory Note which is unenforceable or contrary to state law, the inclusion of which would affect the validity, legality or enforcement of this Promissory Note, such provision shall be of no effect, and in such case, all the remaining terms and provisions of this Promissory Note shall be fully effected, the same as though no such invalid provision had ever been included in this Promissory Note.

   14. **Corporate Action**. MAKER is in good standing under the laws of the State of Illinois, and MAKER is able to enter into this Promissory Note and perform hereunder. This Promissory Note constitutes a valid, binding and unrestricted obligation of MAKER and has been approved by all necessary corporate action.

   15. **Miscellaneous**. The headings hereunder are for convenience and do not interpret this Promissory Note. The singular shall include the plural, and vice versa.

   IN WITNESS WHEREOF, MAKER has executed this Promissory Note and delivered this Promissory Note to PAYEE in Martin County, Florida, this 1st day of February, 2007.

[MAKER]

FIRST CREDIT SERVICE INCORPORATED,
An Illinois corporation

By: _____
    Earl Shields, its President


_____
Earl Shields, Individually

# EXHIBIT 2

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
561-744-1124

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

ROBERT CASHEN
1701 SE CYPRESS PARK LN
JUPITER, FL 33478

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |
|---|
| FIRST CREDIT SERVICES INCORPORATED |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 800 SPRINGER DRIVE | LOMBARD | IL | 60148 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID # if any | |
|---|---|---|---|---|---|
| | | CORPORATION | ILLINOIS | 58210625 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

(blank)

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| CASHEN | ROBERT | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1701 SE CYPRESS PARK LN | JUPITER | FL | 33478 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL GOODS, FIXTURES, PERSONALTY, APPLIANCES, INVENTORY, MACHINERY, EQUIPMENT, FURNITURE, AND TRADE FIXTURES OWNED BY IT AND LOCATED AT 800 SPRINGER DRIVE, LOMBARD, IL 60148, AND ANY ADDITIONS AND/OR REPLACEMENTS THERETO

*[handwritten:]* 10-1-2007  69 W. WASHINGTON
SEND 10-3-2007  SUITE 1240
CHICAGO, IL. 60602
FILING FEE $20.00

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

# EXHIBIT 3

Case 1:08-cv-00268   Document 21-2   Filed 04/18/2008   Page 7 of 8





| Account | Serial | Sequence | Paid Date | Amount |
|---|---|---|---|---|
| 7100573401 | 20414 | 24147976 | 02/16/2007 | $575,000.00 |

