

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 22 2008
FILED
APR 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ROBERT CASHEN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 C 268 |
| INTEGRATED PORTFOLIO MANAGEMENT, INC. f/k/a FIRST CREDIT SERVICES INCORPORATED d/b/a STANLEY WEINBERG & ASSOCIATES, an Illinois Corporation, EARL SHIELDS, and LILIANA SHIELDS, | ) Judge Robert M. Dow Jr. |
| Defendants. | ) |

## NOTICE OF FILING
## AND CERTIFICATE OF SERVICE

TO:  Michael Rachlis
     Darnella Ward
     Rachlis Durham Duff & Adler, LLC
     542 S. Dearborn Street, Suite 900
     Chicago, IL 60605

PLEASE TAKE NOTICE that on April 21, 2008, we filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, **Liliana Shields and Integrated Portfolio Management, Inc.'s Motion To Dismiss Pursuant to Fed. R. Civ. P.12(b)(6) and (3), Appearance as Attorney for Defendant Liliana Shields**, and **Appearance as Attorney for Defendant Earl Shields**, copies of which are attached hereto and herewith served upon you.

Respectfully submitted,

Frederick E. Roth, Attorney for Defendants

Roth Law Firm
47 E. Chicago Avenue, Suite 360
Naperville, IL 60540
(630) 778-1100
Attorney No. 4260

## CERTIFICATE OF SERVICE

Frederick E. Roth, an attorney, hereby certifies that he caused a true and correct copy of the Notice of Filing and Liliana Shields and Integrated Portfolio Management, Inc.'s Motion To Dismiss Pursuant to Fed. R. Civ. P.12(b)(6) and (3), Appearance as Attorney for Defendant Liliana Shields, and Appearance as Attorney for Defendant Earl Shields to be served upon counsel listed by U.S. Mail, proper postage prepaid, on April 21, 2008.

Frederick E. Roth

APR 22 2008
F I L E D
APR 22 2008 *ae*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT CASHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 268 |
| ) | |
| INTEGRATED PORTFOLIO ) | Judge Robert M. Dow Jr. |
| MANAGEMENT, INC. f/k/a FIRST ) | |
| CREDIT SERVICES INCORPORATED ) | |
| d/b/a STANLEY WEINBERG & ) | |
| ASSOCIATES, an Illinois Corporation, ) | |
| EARL SHIELDS, and LILIANA SHIELDS, ) | |
| ) | |
| Defendants. ) | |

## LILIANA SHIELDS AND INTEGRATED PORTFOLIO MANAGEMENT, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) and (3)

Now come the Defendants, Liliana Shields ("Liliana") and Integrated Portfolio Management, Inc.'s ("IPM") by their attorney, Frederick E. Roth of Roth Law Firm and hereby present their Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure ("Rule") 12(b)(6), stating:

### I. Dismissal Per Rule 12(b)(6)

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive a motion to dismiss, "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the ... claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court." Equal Employment Opportunity Comm'n v.

Concentra Health Servs., Inc. 496 F.3d 773, 776 (7th Cir. 2007). In determining whether the Plaintiff has cleared such hurdles, the court assumes "that all allegations in the complaint are true." Jennings v. Auto Meter Prods., Inc. 495 F.3d 466 (7th Cir. 2007).

## II. No Signature - No Liability on Note

Plaintiff alleges the Note attached as Exhibit 1 to the Complaint was agreed to by Defendant First Credit Services (n/k/a IPM) on or about February 1, 2007. The Note attached is unsigned. For purposes of this proceeding, the Note by its terms is a promise to pay on demand or at a definite time, i.e. October 1, 2007 and as such is a "negotiable instrument" as defined in Article 3, Section 3-104 of the Uniform Commercial Code ("Code") (810 ILCS 5/3-104).

Illinois law provides pursuant to Section 3-401(a):

> "A person is not liable on an instrument unless (i) the person signed the instrument, or (ii) the person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under Section 3-402."

See also, Fidelity Fed. Sav. & Loan Ass'n v. Pioneer Nat'l Title Ins. Co., 428 F. Supp. 1382 (S. D. Ill. 1977) (No person is liable upon a written instrument unless his signature appears thereon.)

No duly authorized agent of IPM signed the Note and, in fact, the co-maker identified, Earl Shields, also did not sign the Note.

Plaintiff is permitted to attach exhibits to the Complaint and the documents attached are considered part of the pleadings for purposes of a motion to dismiss. Fed. R. Civ. P. 10(c); Bankcard Am., Inc. v. Universal Bancard Sys., 904 F. Supp. 753 (N. D. Ill. 1995). Here, Exhibit No. 1 to the Complaint (the "Note") is unsigned and therefore, no liability on the part of IPM (or

for that matter, Earl Shields) given it is not signed.

WHEREFORE, Count I (Breach of Contract - Against IPM and Earl Shields) must be dismissed.

### III. UCC-1 (Financing Statement) Invalid

The Complaint, in part, asserts liability and contends the Note "was secured by all property of IPM" referencing Exhibit No. 2 to the Complaint, a UCC Financing Statement regarding the loan filed on or about October 5, 2007. (Compl., Par. 11 and Ex. 2).

A financing statement (UCC-1) may be filed and is effective provided the person filing same was entitled to file a record pursuant to Section 9-509 of the Code. For Plaintiff to have been entitled to file a record, i.e. initial financing statement, the debtor must authorize the filing, either directly or via a security agreement. See Sections 9-509(a) and (b) and 9-510 of the Code (810 ILCS 5/9-509(a) and (b) and 810 ILCS 5/9-510).

The Complaint and Exhibit No. 2, the UCC-1 Financing Statement, rely solely upon an unsigned Note for authorization. The court may note that although the Note references a "Security Agreement" (under Paragraph 8 of the Note), none is attached to the Complaint.

While Section 9-502 of the Code (810 ILCS 5/9-502) does not require the financing statement itself to be signed, it must have been authorized and here it was not. Section 9-625(a) of the Code (810 ILCS 5/9-625(a)) allows this court to "order or restrain collection, enforcement, or disposition of collateral on appropriate terms and conditions" when it is established there is noncompliance with Article 9. Section 9-513(a)(2) of the Code (810 ILCS 5/9-513(a)(2)) specifically requires a party to file a termination statement whenever "the debtor did not authorize the filing of the initial financing statement."

-3-

Plaintiff's filing on or about October 5, 2007 was not authorized by IPM and accordingly, said filing was not in compliance with Article 9.

WHEREFORE, IPM prays that this court enter an order requiring Plaintiff to file a termination statement and grant such additional relief as this court deems appropriate.

### IV. No Tortious Interference By Liliana

The Complaint admits that Liliana is a joint owner and IPM's Chief Executive Officer, Treasurer and Secretary (Compl. Pars. 8 and 14).

A claim of tortious interference with contracts cannot be made against a corporate officer in regard to contracts between the corporation and third parties, i.e. Liliana as the CEO regarding the purported contract between IPM and Plaintiff.

As noted recently in Ali v. Shaw, 481 F.3d 942 (7th Cir. 2007), "In the corporate world, officers enjoy immunity from these types of claims [tortious interference] provided they took the action in pursuit of the legitimate interests of the company. Swager v. Couri, 77 Ill.2d 173, 395 N.E.2d 921, 927-29, 32 Ill. Dec. 540 (Ill. 1979)." In Swager, the Illinois Supreme Court stated:

> "Illinois courts have deemed the duty of corporate officers and directors to their corporations' shareholders outweighs any duty they may have toward other contractual parties and thus have recognized a privilege for corporate officers and directors to use their business judgment and discretion on behalf of their corporations. (Citations omitted)" Id. 77 Ill.2d at 190-191, 395 N.E.2d at 927-928.

Other than the bare allegation in Paragraph 28 that Liliana, "upon information and belief" acted maliciously in order that IPM did not pay Plaintiff, there are no allegations that her conduct was totally unrelated to the furtherance of IPM's interest which gives rise to the privilege and immunity.

WHEREFORE, Count II (Tortious Interference with Contract - Against Liliana Shields) must be dismissed.

### V. No Basis For Constructive Trust On Liliana

A constructive trust may be imposed when one party receives property belonging to another under circumstances in which the receiver would be unjustly enriched if allowed to retain the property. In re Estate of Wallen, 262 Ill.App.3d 61, 633 N.E.2d 1350 (1994).

The Complaint admits Liliana is an owner of IPM (Compl. Par. 8) and admits IPM is an Illinois corporation (Compl. Par. 6). Further, the Complaint alleges via the <u>unsigned</u> Note that it represents a "business loan for operations of the business" (Compl. Ex. 1, Par. 1).

Plaintiffs attempt to obtain a constructive trust against Liliana is in essence an attempt to disregard the corporate entity and pierce the corporate veil. Illinois law provides:

> "A corporation is a legal entity which exists separate and distinct from its shareholders, officers, and directors, who are not, as a general rule, liable for the corporation's obligations." (Gallagher v. Reconco Builders, Inc. (1980), 91 Ill. App. 3d 999, 1004, 47 Ill. Dec. 555, 415 N.E. 2d 560.) One of the primary purposes of doing business as a corporation is to insulate stockholders from unlimited liability for corporate activity. (Ted Harrison Oil Co. V. Dokka (1993), 247 Ill. App. 3d 791, 794, 187 Ill. Dec. 441, 617 N.E. 2d 898.) Limited liability will ordinarily exist even though the corporation is closely held or has a single shareholder. See Gallagher, 91 Ill. App. 3d at 1004. Wallen, 262 Ill. App.3d at 68.

There are no allegations akin to fraud to disregard the corporate entity and any such allegations must comply with Fed. R. Civ. P. 9(b).

As previously noted with regard to the UCC-1 Financing Statement, the unauthorized filing of same allegedly pursuant to an <u>unsigned</u> Note, IPM has no liability to the Plaintiff. Moreover, rather than impose a constructive trust on a shareholder of the corporation, Plaintiff

should be ordered to file a termination statement releasing the improper encumbrance.

WHEREFORE, Count III (Constructive Trust Against Liliana Shields) must be dismissed.

Respectfully Submitted,

_____
Frederick E. Roth, Attorney for
Defendants IPM and Liliana Shields

Roth Law Firm
47 E. Chicago Avenue
Suite 360
Naperville, IL 60540
(630) 778-1100
(630) 778-1121 (FAX)