IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT CASHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 268 |
| ) | |
| INTEGRATED PORTFOLIO ) | Judge Robert M. Dow Jr. |
| MANAGEMENT, INC. f/k/a FIRST ) | |
| CREDIT SERVICES INCORPORATED ) | |
| d/b/a STANLEY WEINBERG & ) | |
| ASSOCIATES, an Illinois Corporation, ) | |
| EARL SHIELDS, and LILIANA SHIELDS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN REGARD
TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Now come the Defendants, Integrated Portfolio Management, Inc., Earl Shields and Liliana Shields by and through their counsel, Frederick E. Roth of Roth Law Firm and in Reply to the Plaintiff's Response to the Motion To Dismiss state:

### I. Earl W. Shields

Earl W. Shields initially appeared in Court without counsel but is now being represented by the same counsel as the other defendants. For purposes of the pending Motion To Dismiss, Defendant Earl W. Shields joins in said Motion and this Reply.

### II. Factual Inconsistency

As noted in the Motion To Dismiss, for purposes thereof, this Court is to assume that all allegations are true. In the Response, Plaintiff states, in part:

> "Subsequently, Defendants provided some installment payments, but not all." (Response, P. 2)

The foregoing statement is not part of the Complaint and is inconsistent with facts alleged. Further, Plaintiff does not identify what installment payments were made, by which Defendant, how much and when. Accordingly, this Court should disregard the statement except to the extent that it may be deemed an admission.

### III. Negotiable Instrument

Plaintiff argues the purported note is non-negotiable due to the stated default rate of interest. Not true.

Section 3-112(b) of the Uniform Commercial Code specifically provides, in relevant part:

> "(b) Interest may be stated in an instrument as a fixed or variable amount of money or it may be expressed as a fixed or variable rate or rates. **The amount or rate of interest may be stated or described in the instrument in any manner and may require reference to information not contained in the instrument.** If an instrument provides for interest, but the amount of interest payable cannot be ascertained from the description, interest is payable at the judgment rate in effect at the place of payment of the instrument and at the time interest first accrues." (emphasis added)
> (810 ILCS 5/3-112(b))

In Johnson v. Johnson, 244 Ill. App. 3d 518, 614 N.E. 2d 348 (1 Dist. 1993), the Court recognized the 1992 amendment (which is reflected above) but determined said amendment was prospective only. Plaintiff's reliance on Johnson is misplaced.

### IV. Ratification

There are no allegations of fact that begin to evidence ratification of the unsigned note attached to the Complaint as Exhibit 1. The act of depositing the check does not support Plaintiff's argument of ratification.

Spec-Cast, Inc. v. First National Bank & Trust Co. of Rockford, 128 Ill. 2d 167, 538 N.E.

-2-

2d 543 (1989), is not applicable. This is not a check cashing matter involving a bank. For Plaintiff to contend that receipt of a check and the deposit of same ratifies the terms of an unsigned note is far beyond the holding in Spec-Cast. Moreover, the further suggestion that actions of Defendants, i.e. motion to dismiss, provide a basis for "fraud" is equally without merit.

### V. Interference

Defendant Liliana Shields is not a third party to whatever the relationship is between IPM and the Plaintiff. She is the CEO of IPM.

The Complaint includes a claim against IPM, a corporation. Whether or not IPM makes any disbursements of funds to either the Plaintiff or others is determined by what is in the best interests of the company. Plaintiff's arguments that the actions of Liliana Shields are done for "her own interests" and not "in the interests of the corporation" lack any substance.

Plaintiff's footnote explanation of the holdings in Ali v. Shaw, 481 F. 3d 942 (7th Cir. 2007) and Swager v. Couri, 77 Ill. 2d 173, 395 N.E. 2d 921 (Ill. 1979) fail to distinguish them from the present action. Here, there has been no allegation of how Plaintiff believes Liliana Shields has personally benefitted, monetarily or otherwise, at the expense of the corporation. There are no allegations that she was paid funds in lieu of Plaintiff or that the corporation entered into any agreement to be bound by the terms of an unsigned note.

### VI. Constructive Trusts (Count III)

There is no cause of action for constructive trust. Rather, a constructive trust is a potential remedy.

To impose a constructive trust, there must be either (a) actual or constructive fraud or (b) a fiduciary duty and a subsequent breach of that duty. Suttles v. Vogel (1988), 126 Ill. 2d 186,

533 N.E. 2d 901. Here, the Complaint alleges neither (a) nor (b).

### VII.  Conclusion

The Complaint must be dismissed. There is no signature on the note and therefore, as a negotiable instrument, Plaintiff cannot enforce the terms of a note based upon a note which is unenforceable. There was no authorization for the filing of the UCC-1 Financing Statement.

Insofar as Plaintiff contends Liliana Shields has tortiously interfered with the corporation and by implication suggests Earl W. Shields is not amenable, Plaintiff is mistaken. All Defendants are joined in this Reply and as indicated, Defendant Earl W. Shields has also joined in the Motion To Dismiss.

WHEREFORE, Defendants pray that this Court will enter an Order whereby the Complaint is dismissed.

Respectfully submitted,

_____
Frederick E. Roth

Roth Law Firm
47 E. Chicago Avenue
Suite 360
Naperville, IL 60540
(630) 778-1100
Attorney No. 4260